UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GRAYSON KING**,

   Plaintiff,

v.                                                          Case No. 8:23-cv-771-WFJ-MRM

**GERMANIA SELECT INSURANCE COMPANY**,

   Defendant.
_____/

## ORDER

Before the Court is Plaintiff Grayson King's Motion for Remand (Dkt. 5). Defendant Germania Select Insurance Company ("Germania") has responded in opposition (Dkt. 9). Upon due consideration, the Court denies Mr. King's Motion.

## BACKGROUND

On approximately July 7, 2022, Mr. King was involved in a motor vehicle accident with an underinsured motorist. Dkt. 1-2 at 2. Despite allegedly maintaining an applicable policy of insurance with Germania at the time, Mr. King claims that Germania refused to pay him any benefits following the accident. *Id.* at 3. Mr. King consequently sued Germania in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. *Id.* at 1.

On April 8, 2023, Germania removed Mr. King's case to this Court pursuant to 28 U.S.C. § 1441 and § 1332(a). Dkt. 1. Mr. King filed his Motion to Remand days later. Dkt. 5. Mr. King argues that Germania has failed to satisfy the amount in controversy requirement for diversity jurisdiction under § 1332(a). *Id.* at 2.

## LEGAL STANDARD

United States District Courts have jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* § 1332(a). A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). The removing party must show, by a preponderance of the evidence, that the amount in controversy is satisfied. *See id.* at 1281 n.5. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). But a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

In determining the amount in controversy, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Pretka*, 608 F.3d at 755 ("[The] defendant may introduce affidavits, declarations, or other documents showing that the amount in controversy exceeds $75,000."). A court may draw reasonable deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). That said, courts must construe removal statutes strictly, "resolving doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006) (abrogated on other grounds by *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014)).

## DISCUSSION

Germania has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. The first document put forth by Germania, Mr. King's pre-suit demand letter, states that "it is our opinion that a reasonable settlement value for [Mr. King's] claim for bodily injuries, impairments, damages, and losses is well in excess of $300,000[.]" Dkt. 9-1 at 4. The Court recognizes that a demand for an amount in excess of $75,000 does not, without more, establish that the amount in controversy actually exceeds $75,000. *See Green v. Travelers Indem. Co.*, No. 3:11-

CV-922-J-37TEM, 2011 WL 4947499, at *2–3 (M.D. Fla. Oct. 18, 2011). Germania nevertheless presents more in the form of a medical opinion prepared for the purposes of settlement negotiations. *See* Dkt. 9-2. That opinion indicates that Mr. King will require $2,000–$4,000 a year (indefinitely) for medical care related to injuries sustained in the accident. *Id.* at 3. With an estimated remaining life expectancy of 58.13 years, Dkt. 9-1 at 1, Mr. King's future medical expenses alone therefore range from approximately $116,000–$232,000. And this is not to mention the damages that Mr. King claims in his Complaint concerning his vehicle and "disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition . . . loss of earnings, loss of ability to earn money[,] and loss of ability to lead and enjoy a normal life." Dkt. 1-2 at 3. Simply put, judicial experience and common sense necessitate a finding that the $75,000 amount in controversy threshold is met. *See Roe*, 613 F.3d at 1061–62.

Mr. King's post-removal settlement offer of $74,500 does not change the Court's analysis. *See* Dkt. 9-3. As an initial matter, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. This effectively means that Mr. King's post-removal settlement offer is not dispositive. The Court understands that Mr. King's offer—extended two days after Germania removed this case and falling just $500.01 below the jurisdictional threshold—is strategic maneuvering. After

extending this offer, Mr. King refused to stipulate that his damages do not exceed $75,000 in exchange for Germania stipulating to remand. Dkt. 9-3 at 1. This behavior tends to support the notion that more than $75,000 is in controversy. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that a plaintiff's refusal to stipulate or admit that he is not seeking damages in excess of the requisite jurisdictional amount should be considered when assessing the amount in controversy). Finally, the Court also notes that a settlement offer of $74,500 is a strategic marker of the amount in controversy where Mr. King claims to believe that said amount does not exceed $75,000.

## CONCLUSION

The Court finds that Germania has met its burden of demonstrating that the amount in controversy requirement is satisfied. The Court will not remand this case.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Mr. King's Motion for Remand (Dkt. 5) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 28, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record